UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23497-CIV-GARBER

BANKS HARDWOODS FLORIDA, LLC,

    Plaintiff,

v.

MADERAS IGLESIAS, S.A.,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Counter-Defendant Banks Hardwoods, Inc.'s Motion for Summary Judgment [DE 80]. The Court has received the Response in Opposition [DE 86] and the Reply [88]. After due consideration, the Motion is hereby GRANTED.

### Background

The following facts are undisputed. Banks Hardwood Florida, LLC ("BHF") entered into three identical contracts on February 26, 2008 to buy timber from Maderas Iglesias, S.A. ("Maderas"). Maderas delivered timber, and the next day, BHF sent an email rejecting it as nonconforming on May 2, 2008. BHF requested that Maderas pay for its losses and Maderas refused. Juan Iglesias, a partial owner of Maderas, visited BHF's warehouse on three occasions to inspect the timber and to attempt to negotiate the sale of the timber. The companies then engaged in a series of other negotiations regarding the sale of the timber and purchase of new timber.

Many of the facts relating to the negotiations that followed are disputed, but the Court does not deem them central to this Motion. BHF sued Maderas for breach of contract and breach of oral agreement. Maderas countersued for breach of contract. Maderas then filed a third-party complaint

against Banks Hardwoods, Inc. ("BHI") alleging it tortiously interfered with the contracts BHF and Maderas had executed. BHI owns seventy percent of the stock of BHF and BHI does the accounting and writes checks for BHF.

Analysis

Summary judgment is proper where the nonmoving party has failed to make a sufficient showing of an essential element of its case which it has the burden of proving. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In making this determination, the Court views all facts in the light most favorable to the nonmoving party. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

Under Florida law, the elements of tortious interference with a contractual relationship are: "(1) The existence of a contract, (2) The defendant's knowledge of the contract, (3) The defendant's intentional procurement of the contract's breach, (4) Absence of any justification or privilege, (5) Damages resulting from the breach." *Clearplay, Inc. v. Nissim Corp.*, 555 F. Supp. 2d 1318, 1325 (S.D. Fla. 2008) (quoting *McKinney-Green, Inc. v. David*, 606 So. 2d 393, 397-98 (Fla. 1st DCA 1992). In the instant case, Maderas has failed to show the third element.

A third party intentionally interferes with a contract by "influencing, inducing or coercing one of the parties to" breach the contract, thereby causing injury to the plaintiff. *Farah v. Canada*, 740 So.2d 560, 561 (Fla. 5th DCA 1999) (internal quotations and citations omitted). Florida law has used the *Black's Law Dictionary* definition to define induce as "[t]o bring on or about, to affect, cause, to influence to an act or course of conduct, lead by persuasion or reasoning, incite by motives, prevail on." *Id.*

Central to Maderas's claim is a statement allegedly made by Omar Linares, president of BHF, to Juan Iglesias. Maderas alleges that during a meeting on November 8, 2008, Mr. Linares told Mr.

Iglesias that BHI instructed BHF to remove the timber from its warehouse at Maderas's expense in preparation for an audit. The parties dispute that this statement was made.

However, even if the statement was made, this is not enough to amount to a tortious interference. First, Maderas is asking the Court to imply that the statement meant that BHF should breach the contract, rather than take it at face value–to move the timber. But, even if this statement was made with Maderas's implications, Mr. Iglesias conceded at deposition that Mr. Linares never told him that BHI made any statements regarding payment of the timber. DE 80-2 at 28-29. Maderas's speculation as to the meaning of this statement is not enough to defeat summary judgment. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

Second, the May 2, 2008 email shows that BHF already intended to change the contractual relationship with Maderas based on the alleged nonconforming timber that Maderas delivered. The pertinent parts of the email state: "I wish to let you know that we will not be accepting any of this material at all. . . . I would like you to please make arrangements to pick up this material and halt all other orders that are behind this one." DE 1 at 24. This is a clear manifestation of BHF's intent to return the timber to Maderas. Though Maderas claims that this rejection was "ineffective, prohibited by the Contracts, and wrongful," Maderas does not claim that BHI instructed BHF to make this initial and allegedly wrongful rejection. DE 86 at 2. This precludes the finding that BHI induced BHF to breach the contract as BHF was already predisposed to do so, and indeed, had expressed the desire to return the timber well before November 8, 2008. *See Farah*, 740 So.2d at 562 (recognizing that a party's predisposition to breach a contract defeats the finding that the defendant in a tortious interference claim intentionally induced the breach).

Moreover, the Court notes that in its opposition, Maderas claims that pursuant to the contracts, BHF's payment for the timber became due in October, 2008. Yet, at that time, BHF had

only paid $75,000. Therefore, by November 8, 2008, when the alleged tortious interference occurred, the original three contracts had already been breached because of non-payment.

Furthermore, "Florida law recognizes the principle that actions taken to safeguard or protect one's financial interest, so long as improper means are not employed, are privileged." *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1321-1322 (11th Cir. 1998). As the controlling shareholder of BHF, BHI falls within the privilege to interfere between BHF and a third party. *Id*. (internal citations omitted). Though the underlying breach of contract claim is viable, there is no evidence that BHI used improper means to interfere with the contract. Accordingly, the Court

ORDERS that Banks Hardwood Inc.'s Motion for Summary Judgment is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida this 20th day of October, 2009.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE