UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23497-CIV-GARBER

BANKS HARDWOODS FLORIDA, LLC,

    Plaintiff,

v.

MADERAS IGLESIAS, S.A.,

    Defendant.

_____/

## ORDER

THIS CAUSE is before the Court on Defendant Maderas Iglesias, S.A.'s Motion for Summary Judgment [DE 107]. The Court has received the Response in Opposition [DE 117]. After due consideration, the Motion is hereby DENIED.

### Background

Banks Hardwood Florida, LLC ("BHF") entered into three identical contracts on February 26, 2008 to buy timber from Maderas Iglesias, S.A. ("Maderas"). Maderas delivered timber, and on May 2, 2008, BHF sent an email rejecting it as nonconforming. BHF requested that Maderas pay for its losses and Maderas refused. Juan Iglesias, a partial owner of Maderas, visited BHF's warehouse on three occasions to inspect the timber and to attempt to negotiate the sale of the timber. The companies then engaged in a series of other negotiations regarding the sale of the timber and purchase of new timber of which the specifics are disputed. BHF sold the 4/4 and a portion of the 5/4 timber that Maderas delivered. In October 2008, BHF paid Maderas $75,000 toward the wood that Maderas delivered. Both parties agree that the United Nations Convention on Contracts for the International Sale of Goods ("CISG") controls as Maderas is a Spanish company, and BHF is a

Florida company. BHF sued Maderas for breach of contract and breach of oral agreement. Maderas countersued for breach of contract.

Many facts, however, are disputed. Most importantly, facts regarding whether the timber conformed to the contract are in dispute. Each party has produced expert witnesses with opposing opinions regarding the type of timber and the acceptable lengths of the timber. Whether or not the timber conformed to the contract is central to the question of whether the contracts were breached, and if so, whether that entitled BHF to avoid the contracts, as BHF argues, or whether BHF was still under a duty to follow the terms of the contracts regarding payment.

## Analysis

Summary judgment is proper where the nonmoving party has failed to make a sufficient showing on an essential element of its case which it has the burden of proving. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In making this determination, the Court views all facts in the light most favorable to the nonmoving party. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c).

Maderas seeks summary judgment for both BHF's claim and Maderas's counter claim. Maderas argues summary judgment is proper because the CISG does not permit BHF to avoid the contracts where BHF accepted and sold significant portions of the lumber, made partial payment to Maderas, and where BHF's own experts concede that approximately seventy percent of the inspected wood conformed to the contracts. Maderas also claims that summary judgment is proper at least as to liability in favor of Maderas on its counter claim against BHF, as well as a partial award of

damages for the portion that BHF admits is conforming. Maderas claims that BHF breached the contracts by failing to pay the amount owed, failing to properly notice a claim pursuant to the contracts, and because the goods delivered substantially conformed to the contracts.

Whether BHF can avoid the contracts is dependent on whether there was a "fundamental breach." Article 25 of the CISG defines fundamental breach as one that "results in such detriment to the other party as substantially to deprive him of what he is entitled to expect under the contract, unless the party in breach did not foresee and a reasonable person of the same kind in the same circumstances would not have foreseen such a result." U.S. Ratification of 1980 United Nations Convention on Contracts for the International Sale of Goods: Official English Text, 52 Fed. Reg. 6262, 6263. BHF argues that it was entitled to avoid the contracts as the inclusion of sapwood and the wrong size timber constituted a fundamental breach of the contracts. While Maderas classifies any problems with the timber as an allowable "slight" deviation, the parties dispute the meaning of "slight" under the contracts and whether these problems cause the timber to be nonconforming. Therefore, there is a genuine issue of material fact regarding whether the timber was nonconforming.

Furthermore, BHF argues that the contracts were breached regardless of the amount of timber that was acceptable, because one third of the timber was defective or not delivered at all.  This breach, BHF argues, allows BHF to avoid the terms of the contracts. Because there are issues of fact regarding whether there was a breach to the contracts at all, summary judgment is not proper on BHF's claims. Furthermore, whether there was a fundamental breach of the contract would go to Maderas's counter claims because if the contract was breached, it is possible that BHF was entitled to avoid the contract altogether. There are also issues of fact regarding whether BHF properly noticed Maderas regarding the nonconformity. Accordingly, the Court

ORDERS that Maderas Iglesias S.A.'s Motion for Summary Judgment is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 29th day of October 2009.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE