UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23497-CIV-GARBER

BANKS HARDWOODS FLORIDA, LLC,

      Plaintiff,

v.

MADERAS IGLESIAS, S.A.,

      Defendant.

_____/

**ORDER**

      THIS CAUSE is before the Court on Plaintiff Banks Hardwoods Florida, LLC's Motion for Summary Judgment [DE 105].  The Court has received Defendant Maderas Iglesias, S.A.'s Response in Opposition [DE 124].   After due consideration, the Motion is hereby DENIED

Background

      Banks Hardwood Florida, LLC ("BHF") entered into three identical contracts on February 26, 2008 to buy timber from Maderas Iglesias, S.A. ("Maderas").  Maderas delivered timber, and on May 2, 2008, BHF sent an email rejecting it as nonconforming.  BHF requested that Maderas pay for its losses and Maderas refused.  Juan Iglesias, a partial owner of Maderas, visited BHF's warehouse on three occasions to inspect the timber and to attempt to negotiate the sale of the timber.  The companies then engaged in a series of other negotiations regarding the sale of the timber and purchase of new timber of which the specifics are disputed.  BHF sold the 4/4 and a portion of the 5/4 timber that Maderas delivered.  In October 2008, BHF paid Maderas $75,000 toward the wood that Maderas delivered.  Both parties agree that the United Nations Convention on Contracts for the International Sale of Goods ("CISG") controls as Maderas is a Spanish company, and BHF is a

Florida company.  BHF sued Maderas for breach of contract and breach of oral agreement.  Maderas countersued for breach of contract.

Many facts, however, are disputed.  Most importantly, facts regarding whether the timber conformed to the contract are in dispute.  Each party has produced expert witnesses with opposing opinions regarding the type of timber and the acceptable lengths of the timber.  Whether or not the timber conformed to the contract is central to the question of whether the contracts were breached, and if so, whether that entitled BHF to avoid the contracts, as BHF argues, or whether BHF was still under a duty to follow the terms of the contracts regarding payment.

<u>Analysis</u>

Summary judgment is proper where the nonmoving party has failed to make a sufficient showing on an essential element of its case which it has the burden of proving.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In making this determination, the Court views all facts in the light most favorable to the nonmoving party.  *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).  Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c).

BHF contends that Maderas breached the contract by delivering timber that contained pieces that were nonconforming in size and grade, as well as containing sapwood, which the contracts explicitly state will not be accepted.  There are many disputed facts regarding whether the contracts were breached.  The most vital is regarding whether the timber actually conformed to the contract. This stems from disagreements among the parties about the type of wood and about the appropriate measurements, depending on the genus of wood.  Each side has presented conflicting expert witness

2

testimony regarding the type of wood, the acceptable lengths, and the grade.  Maderas's expert witness has opined that the timber conforms with the contract, while BHF's expert witness attests to the contrary. Because there is a genuine issue of material fact regarding whether the timber conformed to the contract, summary judgment is not proper.  Accordingly, the Court

ORDERS that Banks Hardwoods Florida's Motion for Summary Judgment is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 29th day of October 2009.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE